UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------- X

ANTONY PAREDES,

Plaintiff,

- against -

AVENUE H DELI & GROCERY, & ABDULLA MUSAID,

Defendants.

--------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

26-cv-1560 (BMC)

**COGAN**, District Judge.

Plaintiff has brought this action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL") § 650 *et seq.*, principally for unpaid minimum and overtime wages, liquidated damages, and statutory damages for wage notice and wage statement violations under NYLL § 663, against his former employer and the employer's principal or manager. The case is before me on plaintiff's motion for a default judgment, defendants having been duly served but having failed to respond to the complaint, and the Clerk having entered their default under Federal Rule of Civil Procedure 55(a). The motion is granted in part and denied in part for the reasons set forth below.

## BACKGROUND

Taking the facts relating to liability alleged in the complaint and plaintiff's affidavit as true, see Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 159 (2d Cir. 1992), plaintiff worked as a deli-man for defendants from November 2022 until November 2024. He worked 7 day weeks for an average of 71.75 hours, which means 31.75 hours of overtime per week. Defendants paid him $15 an hour regardless of the amount of hours he worked. Plaintiff's

allegations that the individual defendant oversaw hiring and firing and conditions of employment and fixing compensation are adequate, as is his allegation that the defendant corporation had enterprise coverage under the FLSA. See 29 U.S.C. § 203(s)(1)(A); Dixon v. Int'l Unified Workforce, Inc., No. 18-cv-7191, 2020 WL 6140054 at *2 (E.D.N.Y. Sep. 1, 2020). The complaint's allegation that defendant was engaged in interstate commerce is also adequate, as it would be for virtually any delicatessen in New York City. Plaintiff was not provided with a wage notice upon hiring nor any pay stubs each time he was paid.

**DISCUSSION**

As with virtually all the wage cases brought in this district, the FLSA has little to do with this case. That is because the wage protections enacted by the New York Legislature so far surpass those of the FLSA that the FLSA is rendered superfluous, and when faced with a case involving both statutes, an employee gets the benefit of the more favorable statute. See Garcia v. Three Decker Rest., Ltd., No. 22-cv-1387, 2024 WL 1311897, at *9 (S.D.N.Y. March 27, 2024) ("Importantly, where an employee is subject to both state and federal wage laws, the employee is entitled to the greatest benefit available."). The FLSA serves merely as a jurisdictional hook for those plaintiffs' lawyers who prefer to bring their action in federal court, for whatever reason.

For example, plaintiff's motion goes to some length to establish that defendants "willfully" failed to pay overtime so as to get the benefit of the three year, rather than two year, statute of limitations under the FLSA. See McLaughlin v. Richland Shoe Co., 486 U.S. 128, 135 (1988). But as plaintiff also recognizes, that is immaterial to this action because the NYLL has a six-year limitations period, regardless of willfulness. See NYLL § 663(3); Eschmann v. White Plains Crane Serv., Inc., No. 11-cv-5881, 2014 WL 1224247 at *7 (E.D.N.Y. March 14, 2014) (noting that the NYLL has a six-year statute of limitations period and that "courts allow plaintiffs

to recover under the statute that provides for the greatest relief."). Another example: if plaintiff sought recovery under the FLSA, he could only recover the FLSA's minimum wage of $7.25 per hour, a minimum that has been in effect since 2009. But since 2016, long before plaintiff started his job with defendants, the minimum wage was $11 per hour for workers in New York City, and it has had periodic increases since then.

There is a myriad of other provisions by which the New York Legislature has ensured that wage protections are far superior under the NYLL as compared to the FLSA. Although federal district courts have the discretion to hear these state law claims as supplemental to their federal question jurisdiction under the FLSA, see Catzin v. Thank You & Good Luck Corp., 899 F. 3d 77, 83 (2d. Cir. 2018); Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F. 3d 234, 250 (2d. Cir. 2011), the time may soon come when, given the strain on federal courts' resources, a meaningful part of which, at least in this district, stems from the huge number of these wage cases, federal courts begin to find that state law wage claims so badly overshadow the FLSA claims that their discretion to hear those state claims warrants denial of supplemental jurisdiction. See 28 U.S.C. § 1367(c)(2) (federal court may deny supplemental jurisdiction if the state claims "substantially predominate[] over the claim or claims over which the district court has original jurisdiction.").

I am not prepared to do that in this case, however, in part because, as a result of the default posture, I only have one side present to make the argument as to supplemental jurisdiction. See Greathouse v. JHS Sec. Inc., 784 F.3d 105, 119 (2d Cir. 105) (Korman, J., concurring in part) ("There is something wrong when a case or controversy, to the extent that it exists, is principally between a plaintiff and the judges deciding the case.").

But this case, in my view, would be better served in state court.

Putting that aside, I have some skepticism as to plaintiff's baseline calculations. Is it plausible that for almost two years, he worked 72 hours a week on average, 7 days a week? But it is not impossible, and defendants, having chosen to default, do not get the benefit of the doubt. See, e.g., Doo Nam Yang v. ACBL Corp., 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005) (New York law has extended the principle from Andersen v. Mt. Clemens Pottery Co., 328 U.S. 680, 688 (1946), permitting a plaintiff suing for lost wages to "carry his burden" by estimating his hours when his employer has not kept adequate records). Using plaintiff's baseline calculations, and assuming a regular hourly wage of $15 from November 2022 through December 31, 2023 and a regularly hourly wage of $16 from January 1, 2024 through May 25, 2024, plaintiff is awarded a total of $30,263.21.[1] Plaintiff is also entitled to liquidated damages under either the FLSA or the NYLL in the same amount. See FLSA § 216(b); NYLL § 198(1-a).

Plaintiff next seeks damages for violations of the NYLL's record keeping requirements. Specifically, NYLL § 195(1) requires employers to provide employees with a notice at the time of hiring, setting forth, *inter alia*, the rate of pay, how pay is calculated, and the pay schedule. The penalty for not providing the notice is $50 per day up to a maximum of $5,000.00. In addition, NYLL § 195(3) requires employers, at the time of each pay period, to provide a pay stub showing how pay was computed for that period. Failure to comply carries damages of $250

[1] Plaintiff calculated the total amount of unpaid wages owed as $41,067.62, but it is not clear how he arrived at that sum, and plaintiff's affidavit (Exhibit D to Dkt. 17) is a mix of arithmetic errors, conflicting dates, and several perplexing items that appear to be vestiges of whichever affidavit counsel repurposed for use here (like the reference to certain "second shifts"). According to his complaint, plaintiff worked at the deli beginning "in or around" November 2022 through May 25, 2024. Assuming plaintiff started on November 1, 2022, that amounts to nearly 61 weeks of unpaid overtime at his $15 hourly rate (through December 31, 2023), and nearly 21 weeks of unpaid overtime pegged to a $16 regular hourly rate (after New York City's regional minimum wage increased on January 1, 2024). Plaintiff says that he worked 7 days a week, and more than 10 hours every single shift, so I also awarded 426 days of "spread of hours" damages at a $15 hourly rate and 146 days' worth of unpaid minimum wage and "spread of hours" damages at a $16 hourly rate.

per workday up to a maximum of $5,000.00. Plaintiff has established that he never received the required notices and thus asks for another $10,000.00 in damages.

Although the matter is not unanimous, this Court and others have held that these statutes address an injury that is purely informational, and thus the employee lacks constitutional standing to pursue a claim under them in federal court. See TransUnion LLC v. Ramirez, 594 U.S. 413, 417 (2021) ("No concrete harm, no standing"); Guthrie v. Rainbow Fencing Inc., 113 F.4th 300, 307 (2d Cir. 2024) ("an 'informational injury' without a concrete downstream injury-in-fact [may] not establish standing to maintain a claim under [NYLL] § 195."). This is because there is simply no concrete injury resulting from the failure to provide this information. See Garcia v. Three Star Constr. Grp. LLC, No. 26-cv-1353, 2026 WL 1983312, at *2 (E.D.N.Y. July 9, 2026); Deng v. Frequency Elecs., Inc., 640 F. Supp. 3d 255, 264-67 (E.D.N.Y. 2022). Accordingly, the claims are dismissed for lack of constitutional standing without prejudice to re-asserting them in state court.

Next, plaintiff seeks prejudgment interest under NYLL § 198(1-a), calculated at 9%. This strikes me as a windfall considering the liquidated damages he will already receive, but the state courts have held such interest to be mandatory, see Gussack Realty Co. v. Xerox Corp., 224 F. 3d 85, 93 (2d Cir. 2000), and so I must as well. When, as here, the prejudgment interest covers a lengthy period, courts generally use the midpoint of the period as the appropriate starting point. See Fermin v. Las Delicias Peruanas Rest., Inc., 93 F. Supp. 3d 19, 49 (E.D.N.Y. 2015). Accordingly, prejudgment interest will accrue from August 13, 2023, the midpoint of plaintiff's employment period. Plaintiff is awarded a total of $8,581.49 in prejudgment interest.

Plaintiff of course also claims attorneys' fees and costs. The amount claimed is *de minimis* – $2,380 – including costs, and no detailed review is required beyond the complaint and plaintiff's motion for default judgment, which themselves are sufficient to support this award.

Finally, plaintiff seeks to invoke NYLL § 198(4), which provides for a 15% increase in the judgment if it remains unpaid for 90 days, and for attorneys' fees and costs incurred in collecting the judgment. However, NYLL § 198(4) does not apply to a federal judgment, see Ling Chen v. Asian Terrace Rest., Inc., 602 F. Supp. 3d 348, 352 (E.D.N.Y. 2022), because "once a federal judgment is entered, state laws that might affect the judgment amount are inapplicable," Garcia, 2026 WL 1983312, at *3 ("The case is over, and nothing remains but a federal judgment.").

**CONCLUSION**

Plaintiff's motion for a default judgment is granted to the extent set forth above. The Clerk is directed to enter judgment in favor of plaintiff and against defendants, jointly and severally, in the amount of $71,487.91.

**SO ORDERED.**

Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
October 6, 2026